MARKS (WALKER v.). See Case No. 17,-078.

MARKS (WATTSON v.). See Case No. 17,-296.

MARKS (WOOSTER v.). See Case No. 18,-038.

---

## Case No. 9,097.

### MARKSON v. FIRST NAT. BANK.

[9 Chi. Leg. News, 108.]

Circuit Court, W. D. Missouri. 1876.

BANKRUPTCY—USURY — SUIT TO RECOVER BY ASSIGNEE—AMOUNT RECOVERABLE.

[1. An assignee in bankruptcy is the "legal representative" of a bankrupt within the meaning of the term in section 5198. Rev. St., empowering a person or his legal representative to recover by action usurious interest paid to national banks.]

[2. Where usurious interest has been actually paid, double the amount thereof may be recovered from a national bank under the provisions of section 5198, Rev. St.]

Usury.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. This suit is brought by the assignees of the King Wrought Iron Bridge Company, of Iola, Kansas, against the First National Bank, of Kansas City, Missouri, to recover under the statute of the United States usurious interest alleged to have been charged and paid. The national bank act, after providing that national banks may charge the highest rate of interest allowed by the state where the bank is located, enacts in section 5198, Rev. St., as follows:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest, which the note, bill, or other evidence of debt, carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred."

The assignees seek to recover, under this section of the act, double the amount of interest paid. The answer is a simple denial of the allegations of the petition. The evidence tends to show that during the years of 1872 and 1873, the bankrupt company from time to time obtained loans from the First National Bank of Kansas City, for which a rate of interest of not less than 18 per cent. was paid. The charging and payment of this interest is undisputed, but it is denied that the right to recover the usurious inter-est passed to the assignees. This, and the question as to the amount of recovery, were both decided in the case of Crocker v. National Bank of Chetopa [Case No. 3,397], district of Kansas, by Judge Dillon. The statute under which the suit is brought, provides, as we have seen, that "in case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back in an action in the nature of an action of debt, twice the amount of the interest thus paid." Who is the legal representative of a bankrupt? This question was fully considered in the case cited.

The 14th section of the bankrupt law [of 1867 (14 Stat. 522)] provides for an assignment of the estate of the bankrupt to the assignee, and declares that upon such assignment by operation of law, all the property and estate of the bankrupt, including all choses in action, shall pass to the assignee. By section 16 it is provided "that the assignee shall have the like remedy to recover all said estate debts and effects in his own name, as the debtor might have had, if the decree in bankruptcy had not been rendered, and no assignment had been made." These provisions, as well as the general tenor of the bankrupt law, indicated that all right to sue for, and recover property, effects or choses in action of the bankrupt, by virtue of the bankruptcy assignment and the operation of the bankrupt law, pass to the assignee, who becomes the legal representative, one who stands in place of, the bankrupt. The effect of a differing holding strengthens the view here taken. Suppose it should be determined, as the defendant insists, that the right to sue under the statute for the recovery of usurious interest, is a personal right, and remains in the bankrupt, notwithstanding the bankruptcy. The bankrupt might sue and recover for his own use and benefit the usurious interest paid. which may have caused his bankruptcy, having by means of paying usurious interest so converted his estate that creditors could not, but he himself could recover and hold it against them. A construction working such results is not favored, to say the least. But the idea of a personal right, as contended for by defendant, loses sight of the distinction between what pertains to the person, and what to the estate. Usury affects the property and estate, and not the person of the bankrupt. The question of usury has lately been before the federal court, in the case of Tiffany v. National Bank of Missouri, 18 Wall. [85 U. S.] 409. The question was as to the amount of interest a national bank was authorized to charge in Missouri. That a trustee had a right to sue was never questioned. In the case of Darby v. Boatmen's Sav. Inst. [Case No. 3,571], the question as to a trustee recovering usurious interest, was determined affirmatively. These cases could not have been sustained by the trustees if

the sueing for and recovering usurious interest was a personal action.

As to the amount of recovery the defendant makes the points that, if a recovery can be had, it is the amount paid over and above the legal rate (10 per per cent.) in Missouri, and relies on the wording of the statute to sustain this construction. Section 5198, already fully quoted, in the first place, declares forfeited the entire interest agreed to be paid, and next provides for a recovery of double the amount of such as has been paid. Reading the first part of the section "the taking, receiving, reserving, or charging a rate of interest greater then is allowed," in connection with the part providing for the recovery of "twice the amount thus" paid, gives countenance to the construction sought to be placed upon it by defendant. Reading the whole of the section together is adverse to this construction.

The forfeiture of the entire unpaid interest is no doubt intended to defeat the recovery of unpaid interest, and may be set up in defence. The recovery of paid interest, however, requires a suit on part of the debtor, or his legal representative, and the recovery of double the amount paid may recompense him for his trouble. To construe the act as contended for by the defendant would favor the usurer who had obtained payment of his usury by allowing him to retain the legal interest, while he who had only contracted for illegal interest forfeits the entire interest, a favor difficult to account for. The plaintiff is entitled to recover double the amount of the usurious interest paid, and judgment will be rendered accordingly.